-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAMIEN EDWARDS,

        Plaintiff,

-v-

OFFICER MYRES, MAZIE SHAW,
ANN FITZGERALD, MAUREEN BOUSCHO,
DR. ROSS, K. CORLEY, SERGEANT PERRY,
STEPHEN C. CLARK, DR. CHUY, DR. PRICE,
DR. BROWN, MR. BROUGHS, DONALD SAYER (Clinton),
SING SING, ELMIRA, AUBURN, UPSTATE ,

        Defendants.

**DECISION AND ORDER**
09-CV-0060Sr

---

## INTRODUCTION

Upon filing of this *pro se* action under 42 U.S.C. § 1983, plaintiff was ordered to file a supplemental application to proceed *in forma pauperis* because the initial application did not include a completed Prisoner Certification Section which, if completed, would have set forth the sum of money plaintiff had in his inmate trust account as required pursuant to 28 U.S.C. § 1915(a)(2). (Docket No. 4, Order.) Plaintiff was advised that if he did not comply with the Order by a certain date, the complaint would be dismissed without prejudice. (Docket No. 4.) Plaintiff was granted a couple of extensions of time to comply with the Order but when he did not file a supplemental application as directed prior to the date of the

last extension, the Court dismissed this action without prejudice on July 8, 2009. (Docket No. 8, Order; Docket No. 9, Judgment.)

On August 23, 2010, plaintiff filed a motion for reconsideration of the Order dismissing this action. This motion purportedly was prepared by a "law clerk" employed at the Fishkill Correctional Facility. The motion noted that plaintiff had failed to submit an application to proceed *in forma pauperis* as directed, but that during the period of time the Court was awaiting the filing of a supplemental application to proceed *in forma pauperis*, plaintiff was hospitalized or in transit and under court-ordered psychological medication. (Docket No. 13.) The motion also included an application to proceed *in forma pauperis* but it did not include a completed and signed Prison Certification Section. (*Id.*) On November 1, 2010, the Court denied the motion for reconsideration because plaintiff had not complied with the Court's Order to submit an application to proceed *in forma paueris* that included a signed and completed Prison Certification Section. (Docket No. 14, Text Order.)

On November 17, 2010, plaintiff filed a motion for reconsideration (Docket No. 15) and an application to proceed *in forma pauperis* that, this time, included a completed and signed Prison Certification Section (Docket No. 16.) Plaintiff's motion stated that he did file additional motions to proceed *in forma pauperis* when directed by the Court and that he was under the impression that the Court Clerk would contact the correctional facility and confirm with facility personnel the sum of money in plaintiff's inmate account. Plaintiff also stated that once it was

"spelled out in more detail" what was required of him, he contacted the inmate account's office and obtained the information necessary for completion of the application to proceed *in forma pauperis*. (Docket No. 15.)

The Court finds that plaintiff made reasonable efforts to comply with the Court's order to submit an application to proceed *in forma pauperis* upon which the Court could determine, pursuant to 28 U.S.C. § 1915(a), whether plaintiff was entitled to proceed *in forma pauperis* and, therefore, grants plaintiff's motion for reconsideration. (Docket No. 15.) By granting plaintiff's motion for reconsideration the Court is not excusing or condoning plaintiff's failures in complying with the Court's order, but rather recognizing the attempts he made to comply with the Court's order and his difficulties in trying to accomplish that. Accordingly, plaintiff's application to proceed *in forma pauperis*. is granted (Docket No. 16), but for the reasons set forth below, plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.

## DISCUSSION

**Plaintiff's Complaint**

Plaintiff's complaint herein is wholly conclusory and, to the extent the claims set forth in the complaint are not time barred by the applicable statute limitations, they fail to state claims upon which relief can be granted.

Plaintiff's "First Claim" alleges, as best this Court can discern, that on August 2002, Officer Myres and "OHM[1]" Fishkill, and OHM Auburn and Auburn Correctional Facility Officers, and OHM Upstate and Upstate Correctional Facility Officers, OHM Clinton and Clinton Correctional Facility Officers, and OHM Auburn and Auburn Correctional Facility Officers harassed him everywhere he went because he witnessed a "scandal of prostitution" and that he was removed from his cell for no reason and sent to OHM and then to "Marcy."[2] (Docket No. 1, Complaint, ¶ 5A, First Claim, at 5.) Other than defendant Myres plaintiff does not allege or identify what officers harassed him nor does he allege at what facilities listed the alleged harassment occurred--other than alleging presumably and generally that it occurred at all the facilities he was incarcerated at--or what the alleged act(s) of harassment was.

The Second Claim alleges that the events occurred on November 25, 2005 and January 17, 2007, at the Clinton and Elmira Correctional Facilities, and that when he was transferred from the Upstate Correctional Facility "box" to Clinton, they brought some of his property, but when he refused to sign for it until he received all of his property, the officer said "well [you] will get nothing and took everything back." He also alleges that he was already being harassed. Again, he

---

[1]The Court presumes that "OHM" refers to the Office of Mental Health Services but realizes the acronym for that Office would be "OMHS."

[2]Marcy Correctional Facility is classified as a Mental Health Services Level 2 Facility. New York State Department of Corrections Services and Community Supervision ("DOCCS") Directive Nos. 0092, 7 NYCRR, Part 100, 124, <www.docs.state.ny.us/Directives/0092.pdf>.

fails to identify any defendants named in the complaint who he claims engaged in the conduct alleged. (Complaint, ¶ 5B, Second Claim at 6.)

The "Third Claim" alleges that on August 20, 2002, the same date alleged in the First Claim, that Dr. Lu, Ann Fitzgerald, Social Worker, Dr. Ross, Maureen Bouscho, OHM Managing Assistant, Dr. Brown, Mr. Brough, Social Worker, Donald Sayer, Dr. Chuy, Dr. Debrose, Dr. Miles, and Gayle Goodwin, Thomas Murphy, Mazie Shaw, "all Social Workers," committed "medical malpractice" when "I was sent to hospital several times for nothing and I maintained my composure and showed no signs of mental health issues, was constantly stating I had no problems but they refused to listen." He appears to claim that all this occurred "as a result of being harassed from a prostitution ticket." (Complaint, "First Claim", at "5.")[3]

There is little doubt from even a cursory review of the complaint that even if the claims, based on the dates alleged, were not barred by the three year statute of limitations applicable to actions filed under 42 U.S.C. § 1983, *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990), they, at best, fail to state a claim upon which relief can be granted, and, therefore must be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A.

---

[3]It appear that plaintiff copied a blank page 5 of the Form Complaint and used it for the "Third Claim" set forth in the complaint.

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). In order to state a claim sufficient to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

As noted, not only are the claims that allegedly occurred on August 20, 2002 and November 28, 2005 (Complaint, First Claim, Second Claim, in part, and "Third" Claim, at 5-6, "5"), barred by the applicable statute of limitations, they also fail to state a claim upon which relief may be granted. Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a);

see also *Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case.  See *Fuentes v. Tilles*, 09-2954-cv, 2010 WL 1838702 (2d Cir., May 10, 2010) (Summary Order) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)).

The First Claim appears to allege that plaintiff was harassed by various unidentified correctional officers and OMH officials at numerous correctional facilities he was housed at as a result of witnessing some type of prostitution scandal that he was written up for.  Not only must the claim be dismissed because plaintiff does not identify, other than mentioning Officer Myres, any defendants named in the complaint that harassed him, but he does not identify in any manner what act(s) the defendants engaged in that he claims was unconstitutional harassment.

Liberally construing this claim, as the Court must, *see Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), plaintiff, in effect, is alleging that his Eighth Amendment right to be free of cruel and unusual punishment has been violated by this harassment, whatever its form.  However, "harassment or profanity alone, unaccompanied by any [physical] injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Shabazz v. Pico*, 994 F. Supp. 460, 471 (S.D.N.Y. 1998)

(citation and internal quotation marks omitted); *accord Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (finding that plaintiff's allegations that he was bumped, grabbed, elbowed, and pushed by a corrections officer and subjected to isolated episodes of verbal and physical harassment do not singly or cumulatively meet the objective or subjective components of the Eighth Amendment standard); *Patton v. Przybylski*, 822 F.2d 697 (7th Cir. 1987) (determining that derogatory remarks do not constitute a constitutional violation). In addition to failing to allege any acts of "harassment," plaintiff makes no allegation of any physical injury whatsoever arising out of the harassment alleged in the complaint, and therefore his complaint does not allege a violation of his right to be free from cruel and unusual punishment.

Even if the Court were to construe this claim as one alleging retaliation based on some allegation or report by him of a scandal involving prostitution, which, admittedly, the Court does not know if that is what plaintiff is alleging, it nonetheless fails to state an actionable claim under the First Amendment. To make out a § 1983 retaliation claim, a prisoner must show: (1) that he was engaged in constitutionally protected conduct; and (2) that the prison official's conduct was taken in retaliation for the prisoner's protected conduct. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). Moreover, courts recognize that retaliation claims by prisoners are "prone to abuse" since prisoners can claim retaliation for every decision they dislike. *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("Because we recognize both the near inevitability of decisions and

actions by prison officials to which prisoners will take exception and the ease with which claims of retaliation may be fabricated, we examine prisoner's claims of retaliation with skepticism and particular care") (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)); *see also Graham*, 89 F.3d at 79.  Thus, "[a] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone [because i]n such a case, the prisoner has no factual basis for the claim." *Flaherty, supra*.  Not only is plaintiff's complaint wholly conclusory but is barren of any allegations that state an actionable claim of retaliation in violation of the First Amendment.

The Second Claim also alleges that plaintiff was harassed by some unnamed officer at Clinton who stated that because plaintiff did not sign for his property upon his transfer he would "be get[ting] nothing and took everything back."  Again, to the extent this claim alleges an Eighth Amendment harassment claim it must be dismissed because it fails to allege a claim that is plausible on its face.  To the extent plaintiff is alleging some type of claim related to the taking of his property, separate and apart from a claim of harassment, such a claim is not actionable under 42 U.S.C. § 1983.  Assuming that plaintiff was deprived of property within the meaning of the Fourteenth Amendment, the deprivation was not without due process of law because New York provides an adequate post-deprivation remedy.  *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983).  Plaintiff thus has an adequate remedy under state law and the claim regarding the taking of plaintiff's property is hereby dismissed.

The Third Claim alleges that the defendants, who appear to be various medical and mental health professionals and social workers employed by DOCCS,[4] committed malpractice when they sent him to the hospital on numerous occasions "for nothing and I maintained my composure and showed no signs of mental health issues . . . ." (Complaint, Section 5 A, "First Claim," at "5.") Even if this claim demonstrated that the defendants had committed medical malpractice, which the Court does not believe it does, plaintiff is foreclosed from raising the claim in federal court since a medical malpractice claim, which is a type of negligence, is a state court tort claim that is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (mere negligence on the part of state officials is not actionable under § 1983).

In addition, if the Court were to construe this claim as alleging a claim of deliberate indifference to a serious medical need under the Eighth Amendment, see *Triestman*, 470 F.3d at 474, it too fails to state a claim upon which relief may be granted. A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). See also *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y. 1992), aff'd, 970 F.2d 896 (2d Cir. June 12, 1992) (table case), cert. denied, 506 U.S. 1040 (1992). "A serious medical condition exists where 'the

---

[4]The New York State Department of Correctional Services ("DOCS") recently merged with the New York State Division of Parole and was renamed: New York State Department of Corrections Services and Community Supervision ("DOCCS.").

failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).

Nothing in plaintiff's allegations indicate the defendants chose to ignore a medical problem that could lead to plaintiff's further injury or the infliction of pain nor were deliberately indifference to plaintiff's mental health needs. Plaintiff appears to disagree with his hospitalization for his mental health needs but "'[i]t is well-established that mere disagreement over the proper treatment does not allege an Eighth Amendment violation . . . ." *Hill v. Curcione*, 10-3201-cv, --- F.3d ----, 2011 WL 4090760, at *6 (2d Cir. Sept. 15, 2011) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (1998)).

## CONCLUSION

Plaintiff's motion for reconsideration is granted and because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is granted. For the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's motion for reconsideration (Docket No. 15) is granted and his request to proceed *in forma pauperis* (Docket No. 16) is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated:     September 21, 2011